LOTTINGER, Judge.
This is a tort action arising out of an automobile accident which occurred at the *504 intersection of Saguaro Street and Florida Boulevard in the City of Baton Rouge on March 14, 1959, at approximately 7:15 P.M. At the time, plaintiff’s minor son, Thomas Cook, and Oscar A. McAlister were guest passengers in a 1958 model Anglia automobile owned by Oscar Hutson and driven by his minor son, Troye Hutson. Personal injuries, for which recovery is sought together with expenditures for medical services, were sustained by plaintiff’s minor son when the Hutson’s Anglia collided with a 1958 Model Ford automobile owned and driven by defendant Loron J. Jones.
Suit was originally instituted against Oscar Hutson’s liability insurer, Norfolk and Dedham Mutual Fire Insurance Company and Loron €. Jones, it being alleged that the collision was due to the joint and concurrent negligence of the respective drivers. Prior to trial on the merits, plaintiff and Norfolk and Dedham Mutual Fire Insurance Company settled the differences between them under the terms of which the suit was dismissed as to the latter under a full reservation of all of plaintiff’s right against the remaining defendant, Loron C. Jones.
The matter is before us on an appeal taken by plaintiff from a judgment rendered subsequent to trial on the merits the reasons for which the minutes of court reveal to be as follows:
“For reasons orally assigned, the Court finds from the facts in this case that the proximate cause of the accident was the negligence of Troye Hudson, the driver of the Anglia automobile traveling east on Florida Street, and not the joint and concurrent negligence of the drivers of both vehicles involved in the collision as alleged by plaintiff, and, accordingly, renders judgment herein in favor of the defendant, Loron C. Jones, and against the plaintiff, Walter J. Cook, Jr., individually and as administrator of the estate of the minor, Thomas Cook, rejecting his demands in both capacities and dismissing his suit at his costs.”
According to the record there seems to be little or no dispute as to the following facts:
Florida Boulevard is a four lane highway for east and west traffic in the City of Baton Rouge, each direction being served by two lanes. Saguaro Street runs north and south with one lane for travel in each direction. It forms a “T” intersection with Florida Boulevard with traffic entering the latter from the north. Southerly traffic on Saguaro Street at the intersection is controlled by a stop sign and, because it is a “T” intersection, southerly traffic on Saguaro Street must necessarily turn either to the east or west when it reaches Florida. The Baton Rouge General Hospital is situated south of the intersection and one block to its west running parallel to Saguaro Street is a main thoroughfare known as the Acadian Thruway, whose intersection with Florida is controlled by semaphore signals. Florida’s four lanes are equally divided by a median a few inches high by about eighteen inches in width. The two lanes going in either direction are of a width of about twenty-five feet. Both Florida and Saguaro are hard surfaced and were wet at the time of the accident sued upon due to a light drizzle then falling.
Just prior to the accident, the Jones vehicle had been traveling on Saguaro Street in a southerly direction and was then driven onto Florida for the purpose of executing a left turn in order to proceed in an easterly direction on Florida. The Hutson vehicle, just prior to the accident, was being driven in an easterly direction on Florida in the northern or inside traffic lane. The point of collision was fixed by the investigating officer of the Baton Rouge City Police as being in the northern or inside lane of Florida for easterly traffic some eighteen feet north of the south curb of Florida, three feet south of the center median and five feet west of the east parallel of Saguaro Street. At the point of col *505 lision the Jones car was some three feet within the northern lane for easterly travel and it was struck on its right front by the left front of the Hutson car.
Thomas R. Cook, who was 16 years of age at the time of the accident, testified that he was a passenger in the car driven by Troye Hutson and seated in the right front seat. He stated that they were proceeding East in the left lane of traffic of Florida at a speed of about 40 mph and that they slowed down to about 35 mph as they went into a green light in the intersection of Florida and the Acadian Thruway. At this time he testified that he saw the defendant Jones at the stop sign at Saguaro and that when he looked back Jones was in the middle of Florida Street at a distance of some 80 or 100 feet away or too close within which for the driver of his car to stop. He placed Jones’ car when he first saw it for the second time as being about halfway in the North lane for Eastbound traffic. He stated further that it was impossible to pull out or swerve to avoid the accident as there was a car to their right. At the time of trial he stated that young Hutson was serving with the U. S. Navy somewhere in the Mediterranean. On cross examination he testified that seated in the back seat of the Hutson car was a hitchhiker whom they had picked up whose first name was Oscar but whose last name he did not know. He said that Hutson applied his brakes at on or about the same time he looked back and saw the Jones vehicle partially in Florida Street at which time they were proceeding at about 35 mph. This witness did not make any attempt to identify the occupants of the car which was passing to their right and which prevented their turning in that direction to avoid the accident.
One Oscar A. McAlister called on behalf of the plaintiff, testified that he was 14 years old at the time of the accident, and, a passenger seated on the rear seat of the Hutson vehicle. He stated that he was not paying any attention to the speed at which they were proceeding and that the Jones car just pulled into their lane of traffic and stopped, making collision unavoidable. On cross examination he testified that a boy named Johnny Beeson was riding in the car that was proceeding to their right and which was being driven by a boy named Reeves whose last name he did not know. One Jonathan Beeson who stated that he was 15 years of age at the time of the accident, testified that he was in the right lane for Eastward traffic on Florida traveling alongside the car driven by Troye Hutson. He stated that one Reeves Barrow was driving the car and that one Daniel Clark was also a passenger. His version of the accident was that the Jones car pulled into the Hutson vehicle’s traffic lane when it was hit. He also stated that the occupants of their car went back to the scene of the accident after it occurred.
It should be pointed out that according to the testimony of the various witnesses at the time of trial Troye Hutson, Reeves Barrow and ^aniel Clark were all outside the State of Louisiana in the service of the U. S. Armed Forces. None of their depositions was taken by plaintiff.
Officer Joseph W. Dabadie, Jr. of the Baton Rouge City Police who investigated the accident, stated that neither Tommy Cook nor Troye Plutson mentioned to him anything about any vehicle to the right of the Hutson vehicle nor was he aware of any witnesses to the accident other than the occupants of the two vehicles directly involved therein.
According to the defendant he first observed the Hutson car after he had crossed both Westbound lanes of Florida and had come to a standstill at which time the Plut-son car was some 200 feet away. He estimated that at this time his car was protruding into the inside lane for Eastbound traffic some 3 feet and that there were no other cars whatever in either of the Eastbound traffic lanes. He stated further that when he saw the Hutson vehicle some 200 feet away it was too late for him to try to move in either direction and that he did not *506 attempt to do so as Hutson “had plenty of room to go around”. The police arrived, he stated, just a short time after the collision and he denied having ever seen either Johnny Beeson or Daniel Clark nor Reeves Barrow.
The question presented is purely a factual one which cannot be resolved by resort to physical evidence but which can only be determined by the testimony adduced at the trial. The trial judge necessarily was impressed by the veracity of defendants’ witnesses and not by those who testified in favor of the plaintiff. We are unable to find anything in the record which would warrant a reversal of this factual finding in the lower court and finding no manifest error in the judgment appealed from, same is hereby affirmed.
Judgment affirmed.